**FILED**

FEB 11 2020

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 20 - 8 Erie |
| | ) | |
| CODY A. NEELY | ) | **(Under Seal)** |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Christian A. Trabold, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a two-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Receipt of material depicting the sexual exploitation of a minor From in and around May 2019 to in and around October 2019 | 18 USC §§ 2252(a)(2) and 2252(b)(1) |
| 2 | Possession of material depicting the sexual exploitation of a minor From in and around May 2019 to in and around October 2019 | 18 USC §§ 2252(a)(4)(B) and 2252(b)(2) |

## II. ELEMENTS OF THE OFFENSES

### A.    As to Count 1:

In order for the crime of receipt of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That the defendant knowingly received a visual depiction of a minor in interstate or foreign commerce, by any means including by computer, or through the United States mail.

> Title 18, United States Code, Section 2252(a)(2); United States v. X-Citement Video, 115 S.Ct. 464 (1994); United States v. Gallardo, 915 F.2d 149 (5th Cir. 1990).

2.    That the receipt of such visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256, and the defendant knew the visual depiction was of a minor.

> Title 18, United States Code, Section 2252(a)(2); United States v. McCormick, 675 F.Supp. 223 (M.D. Pa. 1987); United States v. X-Citement Video, 115 S.Ct. 464 (1994).

3.    That the visual depiction is of such conduct.

> Title 18, United States Code, Section 2251(a)(2).

### B.    As to Count 2:

In order for the crime of possession of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That the defendant knowingly possessed one or more items which contained a visual depiction of a minor engaging in sexually explicit conduct.

2

Title 18, United States Code, Section 2252(a)(4)(B).

2.      That the item which contained the visual depiction had been mailed, transported or shipped in interstate commerce, or had been produced using materials which had been mailed or transported or shipped in interstate commerce.

Title 18, United States Code, Section 2252(a)(4)(B).

3.      That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256.

4.      That the images involved prepubescent minors or minors who have not attained 12 years of age.

Title 18, United States Code, Section 2252(a)(4)(B).

### III. PENALTIES

A.      **As to Count 1: Receipt of material depicting the sexual exploitation of a minor (18 U.S.C. §§ 2252(a)(2) and 2252(b)(1)):**

1.      Imprisonment of not less than five (5) years and not more than twenty (20) years, but if the defendant has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned not less than fifteen (15) years nor more than forty (40) years.

2.      A fine of $250,000 (18 U.S.C. § 3571(b)(3)).

        3.      A term of supervised release of at least five (5) years and up to life (18 U.S.C. § 3583(k)).

        4.      Any or all of the above.

**B.**    **As to Count 2: Possession of material depicting the sexual exploitation of a minor (18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2)):**

        1.      Imprisonment of not more than twenty (20) years, but if such person has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, making, sale, distribution, shipment or transportation of child pornography, such person shall be fined under this title and imprisoned not less than ten (10) years nor more than twenty (20) years.

        2.      A fine of $250,000 (18 U.S.C. § 3571(b)(3)).

        3.      A term of supervised release of at least five (5) years and up to life (18 U.S.C. § 3583(k)).

        4.      Any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed on each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013(a)(2)(A) .

With respect to Counts One and Two, an additional special assessment of $5,000.00 must be imposed as the offenses were committed after May 29, 2015 and the offenses are located within Chapter 110 of Title 18, United States Code.  18 U.S.C. § 3014(a).

With respect to Count One, pursuant to 18 U.S.C. § 2259A(a), an additional special assessment of not more than $35,000.00 shall be assessed, as the offense was committed after December 7, 2018, and the offense is for trafficking in child pornography as defined at 18 U.S.C. § 2259(c)(3).

Further, with respect to Count Two, pursuant to 18 U.S.C. § 2259A, an additional special assessment of not more than $17,000.00 shall be assessed, as the offense was committed after December 7, 2018, and the offense is under § 2252(a)(4).

## V. RESTITUTION

Restitution may be required in this case as to Counts One and Two, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A and 2259.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture is applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

CHRISTIAN A. TRABOLD
Assistant U.S. Attorney
PA ID No. 75013