IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 1:20-cr-8 |
| | ) Judge Stephanie L. Haines |
| CODY A. NEELY | ) |

## TENTATIVE FINDINGS AND RULINGS

AND NOW, this 12th day of January, 2022, pursuant to Local Criminal Rule 32.C.7, the Court hereby makes the following tentative findings and rulings as to Defendant Cody A. Neely ("Defendant") in this case.

### I.  Background

On February 11, 2020, a grand jury sitting in the Western District of Pennsylvania returned a two-count Indictment against Defendant (ECF No. 3). The Indictment charged Defendant at Count One with receipt of material depicting the sexual exploitation of a minor, from in and around May 2019 to in and around October 2019, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) and at Count Two with possession of material depicting the sexual exploitation of a minor, from in and around May 2019 to in and around October 2019, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). On July 27, 2021, Defendant pled guilty to Count One of the Indictment, acknowledged responsibility for the conduct charged at Count Two of the Indictment, and agreed that the conduct charged in Count Two may be considered by the Probation Office or by the Court in calculating the guideline range and in imposing sentence (ECF Nos. 45 and 46).

On that same date, the Court entered a sentencing order setting procedures and deadlines for sentencing in accordance with Local Criminal Rule 32 (ECF No. 48). On November 2, 2021, the United States Probation Office disclosed to the Court, the Government and Defense counsel the Final Presentence Investigation Report ("PSR") (ECF No. 52). On November 9, 2021, the Government filed a Position with Respect to Sentencing Factors (ECF No. 54), and Defendant filed a Position with Respect to Sentencing Factors (ECF No. 55). The Government's Position (ECF No. 54) indicates it has no objections to the Sentencing Guideline range calculated in the PSR, and Defendant's Position (ECF No. 55) indicates neither he nor his counsel have any objections to the PSR, but that Defendant will be seeking a downward variance at sentencing. On November 19, 2021, the Probation Office disclosed the Addendum to the PSR (ECF No. 57) which indicates the Government had no objection to the Sentencing Guidelines range calculated in the PSR, and Defendant had no objections to the PSR.

On December 14, 2021, Defendant filed a sentencing memorandum (ECF No. 60) seeking a downward variance from the applicable sentencing guideline range and requesting the Court impose a sentence of 8 years of imprisonment. On December 26, 2021, the Government filed a sentencing memorandum (ECF No. 61) stating the Government and Defendant have agreed that a prison term of 8 years is an appropriate sentence in this case. Defendant's request for a variance will be addressed at the time of sentencing.

## II.  Guidelines Calculations

Initially, the Court recognizes that after the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005), the United States Sentencing Guidelines ("the Guidelines") are merely advisory upon this Court. *See also Gall v. United States*, 552 U.S. 38 (2007); *United States*

*v. Tomko*, 562 F.3d 558 (3d Cir. 2009). Nevertheless, the Court still shall consider the Guidelines as one factor, along with the other factors enumerated in 18 U.S.C. § 3553(a), in determining a defendant's sentence. Accordingly, the Court makes the following calculations pursuant to the Guidelines:[1]

1. Pursuant to U.S.S.G. §2G2.2(a)(2) of the guidelines, Defendant's base offense level is **22** because he has been convicted of receipt of material depicting the sexual exploitation of a minor in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1).

2. Pursuant to U.S.S.G. § 2G2.2(b)(2), a **2**-level increase is warranted because the material includes images of minors who have not attained the age of 12.

3. Pursuant to U.S.S.G. § 2G2.2(b)(3)(F), a **2**-level increase is warranted because Defendant's device, using his IP address, advertised several files for download containing child exploitation material. A law enforcement computer successfully completed downloads of that child exploitation material. Therefore, the Defendant distributed material depicting the sexual exploitation of a minor. *See also*, definition of "distribution" pursuant to U.S.S.G. §2G2.2, Application Note 1.

4. Pursuant to U.S.S.G. § 2G2.2(b)(4)(B), a **4**-level increase is warranted because the offense involved material depicting sexual abuse or exploitation of a toddler.

5. Pursuant to U.S.S.G. § 2G2.2(b)(6), a **2**-level increase is warranted because the offense involved the use of a computer.

6. Pursuant to U.S.S.G. § 2G2.2(b)(7)(D), a **5**-level increase is warranted because the offense involved 600 or more images (Defendant had 25 images and 35 video files. According to Application Note 6, each video shall be considered to have 75 images, therefore, the offense involved possession of 2,650 images (75x35) + 25= 2,650).

---

[1] Because there is no *ex post facto* issue here, the 2018 Guidelines Manual has been used to calculate Defendant's advisory guideline range. *See* U.S.S.G. § 1B1.11(a) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced.").

7. There are no victim-related, role-related or obstruction of justice adjustments applicable in this case.

8. Based on the above, Defendant's adjusted offense level is **37**.

9. Pursuant to U.S.S.G. § 3E1.1(a), Defendant is entitled to a **2**-level decrease in the adjusted offense level because he clearly has demonstrated acceptance of responsibility for his offense. Pursuant to U.S.S.G. § 3E1.1(b), Defendant is entitled to an additional **1**-level decrease in his adjusted offense level because he assisted authorities in the investigation or prosecution of his own misconduct by timely notified authorities of his intention to enter a plea of guilty.

10. There are no Chapter 4 enhancements applicable in this case.

11. Based on the above, Defendant's total offense level is **34**.

12. Based on the information set forth in the PSR as to Defendant's criminal history, to which neither party has objected, Defendant has a total criminal history score of zero. Pursuant to U.S.S.G. Chapter 5, Part A, a criminal history score of zero results in a criminal history category of I.

13. The Court finds that there are no factors present which would warrant the exercise of this Court's discretionary authority to depart from the Guidelines under U.S.S.G Chapter 5, Section K.

### III. Sentencing Options

By statute and based on the above guideline calculations, the Court's options for the imposition of Defendant's sentence are as follows:

1. ***Statutory Provision for Custody***: Pursuant to 18 U.S.C. § 2252(a)(2) and 18 U.S.C. § 2252(b)(1), the minimum term of imprisonment is **5 years** and the maximum term of imprisonment is **20 years**. Defendant's offense is a Class C felony under 18 U.S.C. § 3559(a)(3).

    ***Guideline Provision for Custody***: Pursuant to U.S.S.G. Chapter 5, Part A, based on a total offense level of 34 and a criminal history category of I, Defendant's advisory guideline sentencing range is **151 to 188 months** of imprisonment, which falls within Zone D of the Sentencing Table.

2. ***Statutory Provision for Supervised Release***: Pursuant to 18 U.S.C. § 3583(k), the Court shall impose a term of supervised release of 5 years to life.

4

*Guideline Provision for Supervised Release*: Pursuant to U.S.S.G § 5D1.2(b)(2), as the statute requires a term of supervised release of not less than five years, the guideline requirement for a term of supervised release is 5 years to life.

3. *Statutory Provision for Probation*: Pursuant to 18 U.S.C. § 3561(a)(2), Defendant is ineligible for probation because it is expressly precluded by statute.

   *Guideline Provision for Probation*: Pursuant to U.S.S.G. §5B1.1 (b)(2), Defendant is ineligible for probation because probation has been expressly precluded by statute.

4. *Statutory Provision for Fine*: Pursuant to 18 U.S.C. § 3571(b), the maximum fine is $250,000.

   Pursuant to 18 U.S.C. § 3014, Defendant is also subject to the provisions of the Justice for Victims of Trafficking Act (JVTA) of 2015. In addition to the assessment imposed under Section 3013, the Court shall assess an amount of $5,000, per count, on any non-indigent person or entity convicted of an offense under 18 U.S.C. Chapters 77, 109A, 110, 117; or Section 274 of the Immigration and Nationality Act (8 U.S.C. § 1324).

   Under 18 U.S.C. § 2259A, Defendant is also subject to the provisions of the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018. In addition to any other criminal penalty, restitution, or special assessment authorized by law, the Court shall assess (1) not more than $17,000 on any person convicted of an offense under 18 U.S.C. § 2252(a)(4) or § 252A(a)(5); (2) not more than $35,000 on any person convicted of any other offense for trafficking in child pornography; and (3) not more than $50,000 on any person convicted of a child pornography production offense. The Court shall consider the factors in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3572 when ordering this assessment.

   *Guideline Provision for Fine*: Pursuant to U.S.S.G. §5E1.2(c)(3), the advisory fine range for this offense is from $35,000 to $250,000. The Court finds that Defendant is unable to pay and is not likely to become able to pay any fine. U.S.S.G. § 5E1.2(a).

5. *Mandatory Special Assessment*: Pursuant to 18 U.S.C. § 3013(a)(2)(A), Defendant is subject to a mandatory special assessment of $100.

6. ***Statutory Provision for Restitution***: Restitution is mandatory to any identifiable victims, pursuant to 18 U.S.C. §§3663, 3663(A), 3664, and 2259. The parties have represented to the Court that they have agreed that the amount of restitution shall be in the amount of $3,000 for each of the 2 identified victims, for a total of $6,000.

    ***Guideline Provision for Restitution***: Restitution shall be ordered. U.S.S.G. §5E1.1.

7. ***Impact of Plea Agreement***: The plea agreement outlines the parties understanding of Defendant's role in the crime he committed and his obligation to pay restitution.

8. ***Forfeiture***: Pursuant to the Preliminary Order of Criminal Forfeiture entered by this Court on August 25, 2021 (ECF No. 50), Defendant will voluntarily forfeit to the United States all property subject to forfeiture under 18 U.S.C. § 2253(a)(3), including, but not limited to: 32GB Sandisk Cruzer Glide thumb drive; a LG M327 cellphone, bearing serial number 712CYWC141809; and a Dell Inspiron laptop computer, bearing service tag number 1NL3BL2.

9. ***Denial of Federal Benefits***: Denial of federal benefits is not an issue in this case.

## IV. Conclusion

The Court will receive evidence, including testimony, and hear argument regarding these tentative findings and rulings, as well as any other motions and responses thereto, at the time and place of sentencing, currently set for January 14, 2021.

*[signature]*
Stephanie L. Haines
United States District Judge

cc/ecf:    All counsel of record
           U.S. Probation Office

6